107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
OCTOBER TWENTY-FOUR, INC., Plaintiff-Appellant,
v.
TOWN OF PLAINVILLE, Plainville Planning & Zoning Commission,
Matthew Guarino, David Dudek, William Davidson,
Stanley Stewart, and Salvatore
Santacroce, Defendants-Appellees.
 No. 96-7627.
 United States Court of Appeals, Second Circuit.
 Dec. 30, 1996.
 
 1
 Appearing for Appellant: Linda L. Morkan, Robinson & Cole, Hartford, Ct.
 
 
 2
 Appearing for Appellees: Carl R. Ficks, Jr., Eisenberg, Anderson, Michalik & Lynch, New Britain, Ct.
 
 
 3
 Before KEARSE and CABRANES, Circuit Judges, and KELLEHER, District Judge*.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut, and was argued by counsel.
 
 
 5
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 6
 Plaintiff October Twenty-Four, Inc. ("October"), appeals from a judgment of the United States District Court for the District of Connecticut, Gerard L. Goettel, Judge, granting summary judgment dismissing its claims that defendants Town of Plainville et al. ("Plainville") violated the Takings Clause of the United States Constitution and deprived October of its property without substantive due process principally by adopting a zoning regulation that prohibited it from using its property as a quarry for traprock. On appeal, October contends (a) that the district court erred in ruling that there was no taking because the zoning regulation predated October's acquisition of the property, and (b) that the existence of genuine issues of material fact precluded dismissal of its substantive due process claim. Finding no merit in its contentions, we affirm substantially for the reasons stated in Judge Goettel's Memorandum Decision dated April 17, 1996.
 
 
 7
 The district court properly ruled that because the challenged zoning regulation was in effect at the time October acquired the property in question, there was no taking within the meaning of the Takings Clause. "Where the State seeks to sustain regulation that deprives land of all economically beneficial use, ... it may resist compensation only if ... inquiry into the nature of the owner's estate shows that the proscribed use interests were not part of his title to begin with." Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1027 (1992) (emphasis added). "Only the owner of an interest in property at the time of [an] alleged taking has standing to assert that a taking has occurred." United States Olympic Committee v. Intelicense Corp., 737 F.2d 263, 268 (2d Cir.), cert. denied, 469 U.S. 982 (1984). October's reliance on portions of two Supreme Court decisions, Nollan v. California Coastal Commission, 483 U.S. 825 (1987), and Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419 (1982), is misplaced. Although the Nollans had not acquired ownership of their property prior to the State's decision to condition a coastal development permit on the Nollans' consent to an easement, they already had a leasehold interest with an option to buy. In Loretto v. Teleprompter Manhattan CATV Corp., the Court entertained the plaintiff's takings claim only "insofar as it relied" on a post-purchase regulation. See 458 U.S. at 424.
 
 
 8
 The district court also properly granted summary judgment dismissing October's substantive due process claim. To support a finding that a zoning regulation violated a plaintiff's substantive due process rights, the plaintiff must show that (a) he had a protectable "property interest," Brady v. Town of Colchester, 863 F.2d 205, 211-12 (2d Cir.1988); see RRI Realty Corp. v. Incorporated Village of Southampton, 870 F.2d 911, 916 (2d Cir.), cert. denied, 493 U.S. 893 (1989), and (b) the contested regulation was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare," Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 395 (1926); see RRI Realty Corp. v. Incorporated Village of Southampton, 870 F.2d at 915. October failed to present evidence sufficient to permit a finder of fact to conclude that there was no rational basis for the R-40 zoning classification adopted by Plainville and for the denial of October's rezoning application.
 
 
 9
 We have considered all of October's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Robert J. Kelleher, of the United States District Court for the Central District of California, sitting by designation